UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bernard McFadden, #199135, | ) | C/A No. 3:11-959-JMC-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Warden of Kershaw Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Bernard McFadden ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1] Petitioner is an inmate at Kershaw Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner seeks to overturn his November 19, 2010, state conviction and be released from prison. This action should be dismissed for failure to exhaust state court remedies.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Such *pro se* petitions are held to a less

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, even if the petitioner had paid the full filing fee, this Court is charged with screening the petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules governing 2254 and Habeas Corpus cases. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## Background

Petitioner alleges that he was convicted of burglary, second degree, in the Sumter County Court of General Sessions on November 19, 2010.[2] Pet. 3. Petitioner alleges that prior to his conviction the State tried the same case against him but the trial resulted in a hung jury on September 24, 2010. *Id.* Petitioner alleges that there is an ongoing conspiracy among law

---

2) Petitioner did not complete the court form (AO Form 241) for a § 2254 habeas proceeding. Instead, Petitioner completed the civil action form. However, because Petitioner clearly designated this action as a habeas corpus petition under 28 U.S.C. § 2254, and he set forth his grounds for relief and request for relief in a comprehensible manner, this Court did not require Petitioner to resubmit his action on the proper form.

enforcement officers, attorneys (prosecuting and judicial officials), and court reporters to violate Petitioner's civil rights and that the conspiracy has been ongoing for around ten years. Pet. 3-6. Petitioner alleges that most recently his state attorney, Willie H. Brunson, "deliberately delayed filing Notice of Appeal of his November 19th, 2010, burglary 2d. conviction to prevent appellate review of numerous trial court erroneous rulings, false testimony, and a blood-staged crime scene to secure his current conviction." Pet. 6. Petitioner alleges that his November 19, 2010, conviction was framed by law enforcement officers with perjured testimony and staged evidence. He attached pictures as exhibits to the § 2254 Petition which allegedly demonstrate fabricated evidence. Pet. Attach. 1. Petitioner alleges that this Court should intervene in the state court proceedings and order certain injunctions (such as direct the court reporter to preserve tapes of the proceedings) to ensure that Petitioner will obtain a fair appellate review of his November 19, 2010, conviction. Pet. 6-7. Petitioner alleges that his counsel during his conviction rendered ineffective assistance. *Id.* Petitioner alleges that he faces a "threat of losing direct appellate review of numerous erroneous rulings and the tapes to detect transcript alterations." *Id.* Petitioner alleges that after his attorney deliberately untimely filed a notice of appeal related to Petitioner's November 19, 2010, conviction, a Remittitur was sent to the lower court on February 7, 2011. Pet. 8. Petitioner alleges that he then filed a petition with the S.C. Supreme Court, which petition was denied. *Id.* Petitioner seeks the following relief from this Court:

> 1) An order of injunction directing any and all prosecuting officials or witnesses to produce any and all documents or other evidence in their possession for inspection; 2) Issue an Order to Margaret Sullivan to produce transcript and hold tapes until transcript is reviewed by no one other than Petitioner; 3) Upon a showing of constitutional violations regarding his conviction, issue an Order releasing Petitioner; and 4) Issue any other order this court deems just and proper.

Pet. 9.

Discussion

The Petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be dismissed because Petitioner has not yet exhausted his state court remedies. In his attempt to overturn his November 19, 2010, conviction, Petitioner's federal remedy of a writ of habeas corpus under 28 U.S.C. § 2254 can be sought after Petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (noting that a "state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process'"). *See also Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 490-491 (1973) (noting that exhaustion of available state remedies is required under 28 U.S.C. § 2241). Petitioner alleges that after his conviction, his counsel deliberately filed an untimely notice of appeal to the South Carolina Court of Appeals on his behalf. Petitioner alleges that the South Carolina Court of Appeals denied his appeal,[3] and he alleges that he then filed a Petition to the South Carolina Supreme Court, which also denied his Petition. Petitioner alleges that his next step was to file this action in the United States District Court. From Petitioner's allegations, it appears that Petitioner has <u>not</u> filed an action for post-conviction relief (PCR) in the state courts related to his November 19, 2010, conviction. Moreover, this Court takes judicial notice that the Sumter County Third Judicial Circuit Public Index records indicate that there is no post-

---

3) On the Sumter County Third Judicial Circuit Public Index website, Petitioner's conviction on November 19, 2010, is shown as on appeal. *See* Sumter County Third Judicial Circuit Public Index, www.sumtercountysc.org/publicindex/, (enter "Bernard McFadden" and "search public index," enter "M001180" and "Charges") (last visited June 8, 2011).

conviction relief case related to Petitioner's November 19, 2010, conviction.[4]  *See* Sumter County Third Judicial Circuit Public Index, www.sumtercountysc.org/publicindex/, (enter "Bernard McFadden" and "search public index") (last visited June 8, 2011).

To exhaust state court remedies in South Carolina, a direct appeal may be pursued. *See State v. Northcutt*, 641 S.E.2d 873 (S.C. 2007). If a direct appeal was filed and is ultimately unsuccessful (or if no direct appeal was filed), a petitioner may file an application for post-conviction relief in a court of common pleas. *See* S.C. Code Ann § 17-27-10 *et seq.* (1976). *See also Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977) (noting that South Carolina's Uniform Post-Conviction Procedure Act is a viable state court remedy). If a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a court of common pleas, the petitioner may file a request for writ of certiorari with the South Carolina appellate courts. *See* S.C. Code Ann § 17-27-100 (1976); *Knight v. State*, 325 S.E.2d 535 (S.C. 1985). In fact, if a petitioner's application for post-conviction relief is denied by a court of common pleas, the petitioner must seek appellate review in the state courts or federal collateral review of the grounds raised in his application for post-conviction relief may be barred by a procedural default. *See Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (finding that exhaustion requires state prisoners to complete at least one complete round of the state's established appellate review process by presenting the ground for relief in a face-up and square fashion).

Since Petitioner alleges that the South Carolina Court of Appeals issued a Remittitur on his direct criminal appeal on February 7, 2011, it appears that Petitioner may still timely file a post-

---

4) The Court may take judicial notice of factual information located in postings on government websites. *See Williams v. Long*, 585 F.Supp.2d 679, 687-88 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

5

conviction relief action in the Sumter County Court of Common Pleas. *See* S.C. Code Ann. § 17-27-45(A) (1976) (a PCR application must be filed within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later). In other words, at this point there does not appear to be the absence of available state corrective process. *See* Title 28 U.S.C. § 2254(b)(1)(B). The United States District Court for the District of South Carolina should not keep this case on its docket while Petitioner is exhausting his state remedies.[5] *See Galloway v. Stephenson*, 510 F.Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

Petitioner seems to argue that his case presents special circumstances where this Court should hear his § 2254 Petition, prior to Petitioner filing a state PCR action, because any available state process will be ineffective to protect his rights. *See* 28 U.S.C. § 2254(b)(1)(B)(ii) (if "circumstances exist that render such process ineffective to protect the rights of the applicant," the applicant may be excused from exhaustion of state court remedies). Courts have held that inordinate delay or inaction in state proceedings may render state remedies ineffective such that a petitioner need not present his claims to the state courts. *See Ward v. Freeman*, No. 94-6424, 1995 WL 48002 (4th Cir. Feb.8, 1995); *Mack v. South Carolina*, C/A No. 9:10-2511-HFF-BM, 2010 WL 4961729 (D.S.C. Nov. 5, 2010). Petitioner does not allege any inordinate delay in the state court proceedings. Instead, Petitioner believes that the record of his criminal trial will be purposefully altered so that errors will not be detectable and that the court reporter, Margaret Sullivan, will destroy the tapes. Petitioner argues that

---

5) There are specific time limitations for filing a habeas action in this federal court pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d).

he will not be able to have appellate review of numerous erroneous rulings because the record will be altered, and he alleges that this threat cannot be eliminated by any state court proceeding. The undersigned believes that Petitioner may file a PCR action in state court and request the state court to issue orders to preserve the criminal record.[6] To ask this Court to assume that the record of Petitioner's November 19, 2010, conviction will be purposefully altered, and to assume that a state court cannot handle issues related to the record, is similar to asking this Court to assume a case or controversy exists. In other words, it may turn out that the court record is not altered and is adequately preserved for review during the PCR proceedings, and this Court will have decided a controversy that did not arise. "Federal courts are not comprised of philosopher-kings or legislative aides, and the Constitution forbids us from pontificating about abstractions in the law or merely giving advice about the potential legal deficiencies of a law or policy when no ongoing controversy exists with respect to that law or policy." *Incumaa v. Ozmint*, 507 F.3d 281, 289 (4th Cir. 2007). Federal courts must decide live controversies. *Id.* at 287. Interfering with Petitioner's state court criminal record where the state courts have not had an opportunity to hear a post-conviction relief case is not appropriate under the circumstances of this case.

Recommendation

It is recommended that the above-captioned case be dismissed *without prejudice* and *without requiring Respondent to file a return* because Petitioner has not exhausted his state court remedies. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit

---

6) Of course, it is not known whether a state court would decide to issue an order to preserve the record or whether such an order would be necessary.

without requesting an answer from the respondent); Rule 4 of Rules governing 2254 and Habeas Corpus cases.  ***Petitioner's attention is directed to the important notice on the next page.***

June17, 2011                                          Joseph R. McCrorey  
Columbia, South Carolina                 United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).