# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Bernard McFadden, #199135, | ) |
| | ) |
| Petitioner, | ) C.A. No. 3:11-959-JMC |
| | ) |
| v. | ) **OPINION & ORDER** |
| | ) |
| Warden of Kershaw Correctional Institution, | ) |
| | ) |
| Respondent. | ) |

This matter is now before the court upon the Magistrate Judge's Report and Recommendation ("Report") [Doc. 12], filed on June 17, 2011. Petitioner Bernard McFadden ("Petitioner") brings this action for habeas relief pursuant to 28 U.S.C. § 2254 requesting that this court overturn his 2010 state conviction and grant him release from prison. The Magistrate Judge recommended this action be dismissed for failure to exhaust state court remedies. The Report sets forth in detail the relevant facts and legal standards on this matter which the court adopts herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. 636(b)(1).

After receiving the Magistrate Judge's Report and Recommendation, Petitioner timely filed objections [Doc. 17] to the Magistrate Judge's Report. The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *See Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982). Objections to the Report and Recommendation must specifically identify the portions of the Report to which objections are made as well as the basis for such objections; failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Upon review, this court finds the majority of Petitioner's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, or merely restate his claims. However, the court was able to discern one specific objection to the Magistrate Judge's Report.

Petitioner specifically objects that the Magistrate erred in finding that Petitioner failed to exhaust state court remedies. Petitioner contends that his case falls within an exception to the exhaustion requirement because he alleges that he is the victim of bad faith and harassment by law enforcement officers, prosecutors and judicial officers. The court finds that this objection does not articulate a valid exception to the requirement that Petitioner exhaust his state remedies

before proceeding with a habeas corpus petition in federal court. Additionally, the court acknowledges that the Magistrate Judge's Report encouraged Petitioner to file a post-conviction relief ("PCR") action in state court because Petitioner had not done so and the time to file for such relief appeared not to have run at the time of the issuance of the Magistrate Judge's Report.[1] Because Petitioner has not provided the court with any basis upon which it could excuse Petitioner's failure to exhaust state remedies, the court agrees with the Magistrate Judge's Report and incorporates it herein by reference.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

The court has reviewed the petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings. The court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate

---

1 It appears Petitioner commenced a PCR action in state court on October 20, 2011, which is currently pending in Sumter County Court of Common Pleas. *See* Sumter County Third Judicial Circuit Public Index, www.sumtercountysc.org/publicindex/, (enter "Bernard McFadden" and "search public index") (last visited June 18, 2012).

from the United States Court of Appeals for the Fourth Circuit under Rule 22 of the Federal Rules of Appellate Procedure.

**CONCLUSION**

After a thorough review of the Report and the record in this case, the court finds Petitioner's objections are without merit. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Doc. 12]. This action is hereby dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

June 20, 2012
Greenville, South Carolina